IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**FOREST GROVE SCHOOL DISTRICT,**

                Plaintiff-Appellant,

      *v.*

**STUDENT,**

                Defendant-Appellee.

Civ. No.  3:12-cv-01837-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

      This matter comes before the court as Plaintiff-Appellant Forest Grove School District ("FGSD") moves the court to stay Defendant-Appellee Student's ("Student") request for attorney fees related to the appeal and the underlying administrative due process proceeding.   First, Student is not yet the "prevailing party" which deprives the court of discretion to grant a motion for attorney fees.   Second, judicial efficiency and economy supports a stay of attorney fees until the appeal has been resolved.   Thus, the Plaintiff-Appellant's motion for a stay should be GRANTED.

[NSB[3]]

*Background*

On December 6, 2011, Student filed an administrative due process hearing request with the State Superintendent of Public Instruction.   Following the final due process hearing, Administrative Law Judge Jill Messecar ("ALJ") issued a Final Order finding that FGSD had violated the Individuals with Disabilities Education Act ("IDEA").

On October 12, 2012, FGSD filed an appeal of the ALJ's Final Order.  On December 13, 2012, Student filed an Answer including a cross-appeal of the ALJ's Final Order.  Paragraphs 61 and 62 of Student's answer, as well as the prayer, included a request for attorney fees, but Student filed no separate motion for fees.  On January 3, 2013, FGSD filed a motion for a stay of Students request for fees pending a final determination on the appeal.

*Preliminary Procedural Matters*

Student has not filed a motion for fees but raised the issue in her Answer.  The request in the Answer was not styled as a motion or petition for fees.  "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2).  Therefore, "[t]he correct procedural method for obtaining an award of fees and costs is to file a motion, not a claim within a pleading."  *DeKalb County Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1379 (N.D. Ga. 2006).  Because Student has not filed a motion for attorney fees, FGSD's motion for stay is premature.  Because Student could easily remedy the deficiency by filing a proper motion, in the interests of judicial efficiency and economy the court will address the merits of the motion to stay at this time.

*Legal Standard*

Courts have discretion to grant attorney fees to a prevailing party in an IDEA claim. Individuals with Disabilities Education Act, 20 U.S.C. § 1415 (i)(3)(B)(i)(I) (2005). A court may also grant interim attorney fees if it can be shown that the opposing party engaged in "obstinate noncompliance with the law or the use of the judicial process for purposes of harassment or delay in affording rights clearly owed." *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 706 (1974).

Courts also have the discretion to grant a stay in considering a request for attorney fees. A trial court "possesses the inherent power to control its own docket and calendar." *Mediterranean Enter., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). A trial court may exercise its discretion by finding it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952)).

In considering a stay, three factors must be weighed by this court: 1) the possible damage which may result from a stay; 2) the hardship or inequity a party might suffer in going forward without a stay; and, 3) whether the stay would further "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" which could result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

*Discussion*

To resolve FGSD's motion to stay, this court must consider two questions:  1) is Student the prevailing party; and 2) would staying consideration of a fee petition be appropriate?  The court will address each issue in turn.

1.    Prevailing Party

Granting the stay is proper if Student is the prevailing party.  The IDEA requires that a student be the prevailing party as a condition to reimbursement of attorney fees.  20 U.S.C. § 1415(i)(3)(B)(i)(I).  The Supreme Court stated that a "prevailing party" for the purpose of awarding attorney fees is a party which "succeed[s] on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit."  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278 (1st Cir. 1978)) ("*Texas*").  The Supreme Court added that "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail" and that "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792.

A case is considered resolved once a final, unappealable judgment has been issued and the time for appeal has run.  *See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980) ("Although a case or controversy is mooted in the Art. III sense upon payment and satisfaction of a final, unappealable judgment, a decision that is "final" for purposes of appeal does not absolutely resolve a case or controversy until the time for appeal has run.").  This definition must be viewed in light of the current procedural posture of the case as well as the court's role as a reviewing court of the proceedings below.

Courts do not generally consider fee awards until a party has prevailed at the district court level. *See, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (discussing the prevailing party standard and the appropriate time to consider and award fees at the trial and appellate court level). Student argues that here prevailing party status has been achieved at the administrative level, therefore, the court may consider a fee award earlier. Student implies that she has status as prevailing party, but she misreads the cases on point.

Student has not progressed even as far as a student who prevailed at the administrative level and requested fees after a court's decision on the merits. *See J.D. v. West Linn-Wilsonville Sch. Dist.*, No. 3:12-CV-02366-AA, slip op. at 5-6 (D. Or. May 14, 2013) (earliest point where a court considered a request for fees and stayed the request pending Ninth Circuit appellate review) ("*West Linn*"). In *West Linn*, the Student's prevailing party status was a result of the court's decision on the merits. *See id.* (The court implies that the Student's designation as prevailing party came as a result of the court's decision on the merits). Furthermore, the court granted a stay of the fee request. *Id.* at 6.

Student conflates the application of the *CMAX* factors in an IDEA attorney fee request and the prevailing party rule as applied in fee-shifting statutes. No relief has been received and no benefit has been achieved yet because the parties' appeal and cross-appeal are pending. Therefore, there has been no resolution to the case that would designate Student as the prevailing party for purposes of the attorney fees. As a result, this court finds that Student is not yet the prevailing party. Granting a stay, therefore, would be proper.

2.    Appropriateness of Stay

Even if Student were the prevailing party, a stay may still be appropriate under applicable law. FGSD argues that attorney fees regarding both the appeal and the underlying administrative proceeding should be stayed. FGSD argues that a stay is appropriate in light of the factors set forth in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). FGSD argues that a request for fees is premature. Student agrees that a stay is appropriate regarding fees incurred in the appeal, and the court need not decide that issue. Student contends, however, that she should receive her fees associated with the underlying administrative proceeding.

Student opposes FGSD's motion for three reasons under the *CMAX* factors. First, the resolution of the appeal could take months, if not years, thereby denying Student relief based on the inability to proceed without additional resources. Second, requiring FGSD to go forward with a motion for fees would result in negligible hardship because there is no risk of duplicative litigation and any potential hardship created by the pursuit of repayment if FGSD prevails on appeal would be minimal. Third, a stay would not simplify any of the issues, proof, or questions.

The *CMAX* factors weigh in favor of a stay. *CMAX* states that

> [a]mong these [factors] are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc.*, 300 F.2d at 268. This court must identify the competing interests and weigh the factors in *CMAX* to determine whether or not to grant a motion for a stay. *Id.* Other judges in this district have concluded that a stay of a fee award is appropriate even where the court has already decided the underlying appeal on the merits. *See Lucht v. Molalla River Sch. Dist.*, 63 F. Supp. 2d 1256, 1257 (D. Or. 1999) (stay deemed appropriate where the court had decided the appeal on the merits).

FINDINGS AND RECOMMENDATION    6                                    [NSB³]

Turning to the first factor, this court finds that there is an equal risk of damage to both parties. "[T]he possible damage which may result from the granting of a stay" must be weighed. *CMAX, Inc.*, 300 F.2d at 268. FGSD argues that the potential need to recover previously awarded fees would cause damage to FGSD for which it could not seek additional relief. Student implies that she would be prejudiced if this court "[postpones] a decision on attorney's fees" as FGSD "can simply continue to appeal and draw out litigation until parents and students are forced to concede due to lack of resources." (Def.-Appellee's Resp. to Pl.-Appellant's Mot. to Stay 3:16-20, 4:1-13.)

This court agrees that there would be equal damage to FGSD if the stay is denied and to Student if the stay is granted. Both arguments raise valid concerns. The risk that FGSD would be forced to expend resources to recover fees paid to the Student in the event of a reversal is high, while Student's relatively limited access to the resources needed to defend against an appeal may result in a substantial burden to her. Therefore, this court finds that the balance weighs equally on the first factor.

Moving to the second factor, this court finds that requiring FGSD to go forward with a fee petition now would cause sufficient hardship to warrant a stay. "[T]he hardship or inequity which a party may suffer in being required to go forward" without a stay must also be weighed. *CMAX, Inc.*, 300 F.2d at 268. Student cites *Jefferson Cnty. Sch. Dist. R-1 v. Elizabeth E. ex rel. Roxanne B.*, 862 F. Supp. 2d 1138, 1141 (D. Colo. 2012) ("*Jefferson Cnty.*"), to support her argument that she would suffer substantial hardship by having to defend against the appeal, but *Jefferson Cnty.* is distinguishable from the instant case. There the court had already decided the appeal of the underlying claim on the merits prior to the motion for attorney fees. *Id.* at 1144. *Jefferson Cnty.* also held that the "ALJ's ruling materially altered the legal relationship between

[NSB³]

the parties by modifying the plaintiff's behavior in a way that directly benefits the defendant." *Id.* at 1145. Because the Student's request for fees precedes a decision on the merits of the underlying claim and because the ALJ's ruling has not yet irreversibly altered the legal relationship between FGSD and Student, *Jefferson Cnty.* is inapposite.

Student also cites *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 698 (1974), to support her assertion that Congress intended all fee-shifting provisions to prevent substantial hardship from fee award delays and to prevent school districts from "draw[ing] out litigation." (Def.-Appellee's Resp. to Pl.-Appellant's Mot. to Stay 4:4-9.) *Bradley* examined the parties' history prior to litigation and found evidence that the school board had engaged in bad faith behavior regarding its legal duty. *Bradley*, 94 U.S. at 706. *Bradley* stopped short, however, of characterizing the school board's litigation approach as unnecessary. *Id.* at 707.

Here Student argues that FGSD's superior resources will disadvantage Student in litigation. Her argument implies that the only logical inference to draw from the parties' resources is that FGSD is using a bad faith appeal and other litigation tactics to draw out litigation. No evidence, however, has been presented by Student of any bad faith on the part of FGSD, nor does the record reveal any such conduct. The mere fact that FGSD has appealed the ALJ's decision is not, by itself, an indication of bad faith. Therefore, the hardship assessment weighs in favor of FGSD.

Finally, as to the third factor, this court finds that the orderly course of justice is served by granting a stay. The court must assess "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268. Student argues that *V.S. ex rel. A.O. v. Los Gatos-Saratoga Jt. Union High Sch. Dist.*, 484 F.3d 1230, 1233 (9th Cir. 2007) ("*Los Gatos*"),

supports a grant of fees "when relief on the merits is granted before appeals are resolved." (Def.-Appellee's Resp. to Pl.-Appellant's Mot. to Stay 4:11-13 (internal quotes omitted).)

*Los Gatos* is not on point. An IDEA reassessment was a significant issue between the parties in that case. *Los Gatos*, 484 F.3d at 1233-34. The reassessment occurred before the ALJ issued a decision, resulting in a narrower administrative ruling. *See id.* ("The hearing officer only expressed this limitation because the school district was in the process of conducting an assessment. . . . Had the school not been engaged in the reassessment process, the hearing officer would not have limited his eligibility finding to a past period."). As a result, the legal relationship between the parties fundamentally changed and an appeal could not have reversed the change. *See Id.* ("The reassessment itself constituted an obligation the school would not have had if there had been no finding that [student] was a student with a disability."). Therefore, the student was the prevailing party. *See id.* at 1234 ("[T]he district court erred in its determination that the hearing officer's order did not sufficiently alter the nature of the legal relationship between the parties to render [student] a prevailing party."). The court emphasized that "[a]n understanding of this nuance is crucial to the outcome of [the *Los Gatos*] case." *Id.* at 1233.

Student's position here is materially different. She has not yet obtained relief that permanently alters the parties' fundamental relationship and which could not be changed on appeal. If FGSD obtains a reversal of all findings in this case, FGSD will be the prevailing party. This court's decision on the merits of FGSD's appeal is material to a decision on a motion for attorney fees. The two decisions are intertwined and Student has presented no evidence that compels a different result. Thus, for reasons of judicial efficiency and simplicity, the orderly course of justice is served by granting a stay.

*Conclusion*

For the reasons stated above, Plaintiff-Appellant's motion for a stay (docket #10) should be GRANTED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due July, 25, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever is earlier, the Findings and Recommendation will go under advisement.

DATED this 10th day of July, 2013.

JOHN V. ACOSTA
United States Magistrate Judge