UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FOREST GROVE SCHOOL DISTRICT, | Case No. 3:12-cv-1837-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STUDENT, | |
| Defendant. | |
| STUDENT, | |
| Counterclaimant, | |
| v. | |
| FOREST GROVE SCHOOL DISTRICT, | |
| Counterdefendant. | |

ACOSTA, Magistrate Judge:

This lawsuit arose from plaintiff Forest Grove School District's ("the District") appeal from an Administrative Law Judge ("ALJ")'s decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482. At issue is the District's provision of special-education

services to defendant Student.[1] The issue currently before the court is whether, following the court's order remanding the case to the ALJ for determination and award of compensatory transition services, the court should instead hear evidence and determine the appropriate amount of compensatory transition services.

*Background*

In 2011, Student's parents initiated a due-process proceeding with the Oregon Department of Education, asserting a variety of defects with the substance and process of Student's Individual Education Program ("IEP"). Among the asserted defects was the lack of a transition plan and transitional services from April 2010 until March 2011. The ALJ held a hearing in 2012. The ALJ found that the District violated the IDEA in multiple respects, including the transition plan and transitional services issues. The District filed this lawsuit, appealing the ALJ's decision to this court. Student cross-appealed other aspects of the ALJ's decision.

In 2014, the court affirmed in part and reversed in part the ALJ's decision. *Forest Grove Sch. Dist. v. Student* ("*FGSD*"), Civ No. 3:12-1837-AC, 2014 WL 2592654 (D. Or. June 9, 2014). The court's prior opinion and order, in relevant part, determined the District violated the IDEA by failing to provide transition services from April 2010 until March 2011. *Id.* at *35. But the record was insufficient to determine the appropriate amount of compensatory transition services to remedy the District's failure to provide appropriate transition services. *Id.* at *38. Because the record was insufficient, the court remanded the case to the ALJ for the narrow purpose of determining and awarding appropriate compensatory transition services. *Id.* Student appealed the court's decision

---

[1] Student is a minor, and her parents have sought to retain her anonymity throughout the pendency of this action. The court refers to her only as "Student" throughout its Opinion and Order.

to the United States Court of Appeals for the Ninth Circuit. (ECF No. 44.) The Court of Appeals affirmed the court's opinion in October, 2016. (ECF No. 70.)

In a status report filed after the court of appeals' ruling, the District requested that the court resolve the remaining issues in the case in lieu of remanding the case to further proceedings before the ALJ. (Jt. Status Rep. (ECF No. 82) at 2.) Student seeks remand of this case to the ALJ, consistent with the court's previous opinion. (*Id.*)

*Analysis*

A district court's charge under the IDEA is to "grant the relief the court determines to be appropriate" based on the record before the court. 20 U.S.C. § 1415(i)(2)(C). The court previously determined that the record was insufficient to determine the appropriate quantity of compensatory transition services. *FGSD*, 2014 WL 2592654 at *38. Based on the insufficiency of the record, the court determined appropriate relief was to remand to the ALJ. *Id.* Remand for further administrative proceedings is an appropriate remedy where the record before the court is insufficient to determine an appropriate remedy. *Shapiro v. Paradise Valley Unified Sc. Dist. No. 69*, 152 F.3d 1159, 1160 (9th Cir. 1998). Remand is particularly appropriate where the parties did not "exercise their right to request consideration of additional evidence" before filing motions for summary judgment. *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 526 (D.C. Cir. 2005) (internal quotation marks omitted).

The District asks the court to hear additional evidence regarding transition services and award appropriate relief based on the additional evidence. While the District is correct that the court can hear additional evidence to supplement an administrative record, the court declines to hear such additional evidence in this case. Under 20 U.S.C. § 1415(i)(2)(C) and 34 C.F.R. § 300.516(c)(2),

district courts may hear additional evidence at the request of the parties. The court has discretion to determine "what is 'additional' evidence." *Ojai Unif. Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984), *aff'd sub nom. Sch. Comm. v. Dep't of Educ.*, 471 U.S. 359 (1985)). "Additional" evidence supplements, but does not replace, the administrative hearing record, consistent with the requirement of "giving due weight to the administrative proceeding." *Id.* The *Ojai* court gave some examples of appropriate reasons for additional evidence, such as technical errors in creating the transcript, evidentiary errors in the administrative proceeding, and subsequent developments in the case after the administrative hearing occurred. *Id.*

Here, the District gives two reasons for providing supplemental evidence in lieu of remand. First, the District argues that determining the appropriate quantity of transition services before the ALJ is likely to result in another appeal to this court because the court found the ALJ's prior opinion not careful and thorough. *See FGSD*, 2014 WL 2592654, at *12. The District's argument is unpersuasive. The court's prior opinion was not a judgment about the competence of the ALJ. Instead, the policy underlying judicial review of IDEA due-process decisions favors remanding the remaining issue to the ALJ.

Although courts give IDEA due-process hearing decisions less deference than other administrative decisions, the court's review requires "recognition of the expertise of the administrative agency" and avoids "substitut[ing the court's] own notions of sound educational policy for those of the school authorities which they review." *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir 2010) (first quoting *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987); then quoting *Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 817

(9th Cir. 2007)).  Here, the ALJ did not take evidence of or determine the appropriate quantity of transition services.  *FGSD*, 2014 WL 2592654, at *38.  The policy of deferring to the expertise of the administrative agency favors allowing the ALJ to make such a determination.  Accordingly, the court finds remand for further administrative proceedings remains an appropriate remedy.

Second, the District contends remand to the ALJ may cause undue delay if the case is assigned to a different ALJ, because the parties would need to "impart basic information about Student" before presenting evidence on the remaining issue.  While some delay may be possible, the court is not persuaded that the possible need to apprise a different ALJ of the facts of the case and any consequent delay is a sufficient reason to deviate from the normal remand process.

## *Conclusion*

The court declines the District's request to hear additional evidence in lieu of remanding this case to the ALJ for further proceedings.  The court REMANDS this case for further administrative proceedings consistent with this opinion and the court's 2014 Opinion and Order.

IT IS SO ORDERED.

DATED this 5th day of April, 2017.

                                          /s John V. Acosta
                                            John V. Acosta
                                    United States Magistrate Judge